UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSSELL ARBIN ROGERS,

        Plaintiff,

vs.                                Case No. 2:07-cv-322-FtM-29SPC

SGT. FNU ULUM, C/O FNU PIGNATURE and
OFFICER FNU COOK,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Motion to Dismiss (Doc. #32, Mot. Dismiss) filed on behalf of Defendants Ulum and Pignature. Plaintiff filed a Response (Doc. #41, Response). This matter is ripe for review.

**I.**

Plaintiff, who is proceeding *pro se* and incarcerated at Charlotte Correctional Institution, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on May 16, 2007. Attached to the Complaint were the copies of grievances that Plaintiff submitted at Charlotte Correctional and five affidavits from inmates who witnessed the incident alleged in the Complaint *sub judice*.[1] Doc. #1-2. Thereafter, Plaintiff filed an Amended Complaint (Doc. #20, Amended

---

[1] At this 12(b)(6) stage of litigation, the Court will not consider the affidavits of inmates.

Complaint) suing Sergeant Ulum, Correctional Officer Pignature, and Correctional Officer Cook. Amended Complaint at 1, 6.

The Amended Complaint alleged that Plaintiff's cellmate, James Campbell (hereinafter "cellmate" or Campbell), told Defendants Ulum, Pignature, and Cook on July 20, 2006, that if he was not removed from the cell with Plaintiff that "something would happen." Id. at 8. Campbell's requests to be moved were denied. Id. Plaintiff also informed the correctional officers of a "pending conflict and [he and Campbell's] inability to get along with one another." Id. at 8-9. The Amended Complaint alleges that pursuant to standard procedures for CM-II inmates, Plaintiff and Campbell were ordered to "'cuff[-]up'" for showers "about a[n] hour or so" after Campbell reported that "something wouldhappen" to the correctional officers. Id. at 9. Plaintiff was the first of the two cellmates to cuff-up at the "insistence" of Defendants. Id. After Plaintiff was cuffed, inmate Campbell "rushed" Plaintiff "punching [him] several times on the top (crown) of [sic] the head." Id.  Plaintiff claims that the Defendants "were just standing there observing the incident." Id.  Inmate Campbell continued to "slam," punch, and bite Plaintiff on the right side of his neck, to which Plaintiff alleges Defendant Ulm stated, "thats [sic] all you got, you going to C-M I anyways." Id. at 10. After Campbell choked Plaintiff for about 10-15 minutes, Defendant Ulum opened the celldoor and sprayed mace into the cell twice. Id. Plaintiff claims that during the time he and his cellmate were

-2-

dealing with the effects of the mace, he was able to calm the cellmate. Id. at 11. The "captain, LT" arrived and his cellmate then submitted to handcuffs. Id. Plaintiff was taken to the jail's medical department and provided treatment. Id. Campbell was written a disciplinary report, found guilty, and placed on CM-I status. Id. As a remedy, Plaintiff seeks monetary damages for his pain and suffering, disciplinary action of the Defendants, and corrective measures to deter similar incidents in the future. Id. at 11-12.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of FED. R. CIV. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura

Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Nevertheless, as Plaintiff is proceeding

*pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III.

Defendants Ulum and Pignature[2] argue that the Amended Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss at 3. Defendants argue that to the extent Plaintiff seeks relief from the corrections officers in their official capacities, they are entitled to Eleventh Amendment immunity. Id. at 4. Defendants further argue that the officers were acting within the scope of their employment as state officials or their discretionary authority, and as such they are entitled to qualified immunity. Id. at 7. Therefore, Defendants assert that Plaintiff bears the burden to demonstrate that reasonable officer would have known that his conduct violated a clearly established constitutional right. Id. at 7-8. Because the Amended Complaint "contains no reference to state or Federal law regarding this matter," Defendants argue that qualified immunity protects Defendants from the lawsuit. Id. at 8. Next, Defendants argue that the Amended Complaint does not state an Eighth Amendment claim as "he was not incarcerated as a result of the alleged constitutional violations." Id. at 9. Last, Defendants argue that

---

[2]Defendants Ulum and Pignature note that service of process has not been effected on Defendant Cook. Mot. Dismiss at 1, fn. 1.

Plaintiff did not comply with the Florida Statute, which requires plaintiffs to file a pre-suit notice with the relevant state agency as a condition precedent to filing a tort action. Id. at 8-9. As such, Defendants argue that to the extent Plaintiff seeks to bring a tort claim, dismissal is proper. Id. at 9.

In Response, Plaintiff states that this action is against the officers in their individual capacities and as such the Florida Statue requiring pre-suit notice is not applicable. Response at 3. Plaintiff asserts that the State has a duty to protect prisoners from violence at the hands of other prisoners. Id. at 4. Citing United States Supreme Court precedent, Plaintiff argues that a showing of maliciousness and deliberate indifference constitute an Eighth Amendment violation. Id. at 4-5.

**IV.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the

defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). It is undisputed in this case that the Defendants are state actors.

**A.**

The Amended Complaint alleges a violation of Plaintiff's Eighth Amendment rights.[3] The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury that an inmate suffers at the hands of another inmate "translates into a constitutional liability." Id. at 834. Rather, when an prison official's deliberate indifference to a substantial risk of harm to an inmate violates the Eighth Amendment. Id. at 828. "Deliberate indifference is not the same thing as negligence or carelessness." Maldonado v. Snead, 168 Fed. Appx. 373 (11th Cir. 2006)(citing Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004)). "Merely negligent failure to protect" an inmate from an attack does not give rise to a § 1983 claim. Carter, 352 F.3d at 1350.

---

[3]Under the "Statement of Claim" section on the Complaint form, Plaintiff states: "[(1)]violation of U.S.C. 8th Constitutional right, (2) malicious negligence malfeasance [,] (3) violation of right from cruel and unusual punishment protection, liberty [,] [and] (4) reckless deliberate indifference." Amended Complaint at 8. It appears Plaintiff is asserting only a federal cause of action.

A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. Purcell v. Toombs County, Ga., 400 F.3d 1313, 1319-20; Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." Carter, 352 F.3d at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer, 511 U.S. at 838. Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. Id. at 842.

**B.**

With regard to Defendants Ulum and Pignature, the Court finds their Motion to Dismiss is due to be denied. The Court cannot state that Plaintiff can prove no set of facts that would entitle him to relief against the Defendants at this stage of the proceedings. The Amended Complaint alleges that the officers were warned of the cellmates' inability to get along. The correctional officers did not separate and protect Plaintiff from his cellmate prior to the attack. Further, Plaintiff alleges that his cellmate

began attacking him and the officers "stood by idly" for approximately 10-15 minutes, and that during the attack Officer Ulum stated "thats all you got, you going to CM-1 anyways." Accepting Plaintiff's allegations in the Amended Complaint as true, Plaintiff has adequately stated a constitutional violation arising out of the correctional officers' failure to protect Plaintiff. Contrary to Defendants' argument, it is not required that Plaintiff be incarcerated as a result of the alleged constitutional violations.

Similarly, based on pre-existing law, the Court concludes that Defendants Ulum and Pignature had a fair and clear warning that their <u>alleged</u> conduct was unlawful. <u>See</u> <u>Farmer</u>, 511 U.S. 825; <u>Helling v. McKinney</u>, 509 U.S. 25 (1993); <u>Rodriquez v. Secretary Dep't of Corr.</u>, 508 F.3d 611 (11th Cir. 2007). Since Plaintiff's version of the events is presumed correct at this stage of the proceedings, Defendants are not entitled to qualified immunity and their Motion to Dismiss will be denied.

### C.

Defendants' also argue that to the extent they are sued in their official capacity, they are entitled to Eleventh Amendment immunity. While the Eleventh Amendment bars Plaintiff from seeking monetary damages from the Defendants in their official capacities, Plaintiff states in his Reply that he sues the Defendants in their individual capacities and as such the Eleventh Amendment immunity

analysis is unnecessary. In light of this, the Court will deny this aspect of the motion as moot.

**D.**

Finally, Defendants argue that Plaintiff did not comply with the Florida pre-suit notice statute. While this appears to be true, the § 1983 claims which Plaintiff sets forth in his Amended Complaint do not require compliance with this state statute. Lundgren v. McDaniel, 814 F.2d 600, 604-05 (11th Cir. 1987); Majette v. O'Connor, 811 F.2d 1416, 1417-18 (11th Cir. 1987).

**V.**

Service of process has not been effected on Defendant Cook. On September 14, 2007, the United States Marshal returned the service form indicating that service was unexecuted on Cook because he is on military leave. See Doc. #30-#31. Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action *sua sponte* if service is not effectuated within 120 days after the filing of the complaint. Even though Plaintiff is appearing *pro se,* "'[a] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 162 Fed. Appx. 918, 923 (11th Cir. 2006) (unpublished) (quoting Fowler v. Jones, 899 F.2d 1088, 1095)). The Court is also responsible for seeing that its limited resources are allocated in

a way that promotes the effective and efficient administration of the judicial system.  Consequently, Defendant Cook is dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Court *sua sponte* dismisses Defendant Cook pursuant to FED. R. CIV. P. 4(m).

2.  The Motion to Dismiss (Doc. #32) filed on behalf of Defendants Ulum and Pignature is **DENIED**.

3.  Defendants shall file an Answer within **TWENTY (20) DAYS** from the date of this Opinion and Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___15th___ day of July, 2008.

```
                                    /s/ John E. Steele
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

SA: alj
Copies: All Parties of Record